RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/6/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TAMMY BELMON BELL

DOCKET NO. 1:12-cv-844

VERSUS

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

JON C. THORNBURG

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand (Doc. 7), referred to the undersigned by the district judge for Report and Recommendation.

Factual Background

On March 6, 2012, plaintiff, Tammy Belmon Bell ("Bell"), filed a petition in the 9th Judicial District Court, Rapides Parish, Louisiana alleging she was discriminated against and wrongfully terminated on April 4, 2011 by defendant, Jon C. Thornburg ("Thornburg"). Thornburg, who was served on March 8, 2012, timely removed the suit to this court on April 6, 2012 (Doc. 1). Bell then timely filed her motion for remand on April 30, 2012 (Doc. 7).

According to the petition, Bell worked in the Chapter 13 Trustee Office from April, 1999 through April 4, 2011. She received positive performance reviews prior to Thornburg's appointment in 2008. She contends that the discrimination against her began in November, 2008 and it reached its pinnacle shortly after the "peer review" was conducted on October 26, 2010.

Bell advised that the review of the office was conducted by

three trustees with the National Organization of Chapter 13 Trustees. Several days after the review, Thornburg informed her that the committee concluded she should be terminated immediately as she was the source of all problems in the office. Thornburg advised that he disagreed with the recommendation she be terminated but felt a change in position and duties was warranted.

Bell was relieved of her duties as Office Manager. She contends that she was told her new title would either be Assistant to the Trustee or Operations Manager and that her job would remain the same except the managers would no longer report to her. Plaintiff was told she would continue to oversee the computer system and continue to have human resource responsibilities such as keeping employees' records up to date and processing payroll.

Bell alleges that Thornburg failed to provide her with a job description, excluded her from meetings and made changes to procedures without putting them in writing. When she voiced her concern over her diminished roll, she, an African American female, was replaced by a Caucasian female who lacked a college degree and accounting and finance experience. Thus, Bell claims she was discriminated against in violation of the Louisiana Employment Discrimination Act and seeks damages for mental pain and anguish, back pay, front pay, benefits, attorney's fees and court costs.

## Law and Analysis

Thornburg contends that as a trustee of the United States

Bankruptcy Court of the Western District of Louisiana, he is entitled to removal pursuant the either 28 U.S.C. §1442(a)(1) or §1442(a)(3). The pertinent parts of the statute provide:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the colelction of the revenue.
>
> . . .
>
>> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

In Cromelin v. U.S., 177 F.2d 275 (5th Cir. 1949), the Fifth Circuit found "[t]he trustee, like a receiver, is an officer of [the] court, appointed by the court, directed by the court, and paid by the court from the funds in the court. He is in no sense an agent or employee or officer of the United States." Thus, Thornburg cannot remove under §1442(a)(1).

While removal under 28 U.S.C. §1441 depends upon whether the federal district court would have original jurisdiction over the claim in the suit, removal under §1442 depends upon whether the defense depends upon federal law. Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999); Mesa v. California, 489 U.S. 121 (1989);

3

<u>Willingham v. Morgan</u>, 395 U.S. 402 (1969). Additionally, under §1442(a)(3), the mover must establish that the lawsuit is for an act under color of office or in performance of his duties.

> To satisfy the latter requirement, the officer must show a nexus, a "'causal connection' between the charged conduct and asserted official authority." <u>Willingham v. Morgan</u>, 395 U.S. 402, 409, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)(quoting <u>Maryland v. Soper (No. 1)</u>, 270 U.S. 9, 33, 46 S.Ct. 185, 70 L.Ed. 449 (1926).

<u>Id.</u> at 431.

In his notice of removal Thornburg states "he has a valid and colorable federal defense to all claims made" but he does not specify the defense. In a prior paragraph, he states that Title VII preempts Bell's state law claims, but the contention seems to be made as a basis for jurisdiction rather than asserted as a defense. Regardless, Title VII would not preempt state law in this case. Title VII is the exclusive remedy for claims by federal employees and the record lacks either allegations or proof that Bell is a federal employee.

As Thornburg has failed to assert any colorable federal defense, he is unable to meet the threshold requirement of removal under §1442. Accordingly, there is no reason to address the question of whether there is a causal connection between the charged conduct and asserted official authority.

## Conclusion

IT IS RECOMMENDED that the motion to remand (Doc. 7) be GRANTED and this case be remanded to the 9th Judicial District

Court, Rapides Parish, Louisiana.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 5th day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE