RECEIVED
JAN 2 9 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TAMMY BELMON BELL | CIVIL ACTION NO. 12-844 |
| -vs- | JUDGE DRELL |
| JON C THORNBURG | MAGISTRATE JUDGE KIRK |

## RULING

The Court has considered the "Report and Recommendation of Magistrate Judge" (Doc. 26), and has conducted an independent (de novo) review of the record including the objections filed by Plaintiff and Defendant. For the sake of brevity, the Court accepts and adopts the factual background of the case set forth in the Report and Recommendation; however, we decline to follow the legal recommendation. For the following reasons, the Motion to Remand by Plaintiff (Doc. 7) will be **DENIED**. In addition, because the case will remain in this Court, we also address the Motion for Summary Judgment by Defendant (Doc. 5) which will be **GRANTED**.

I.   **Report and Recommendation (Doc. 26) on the Motion to Remand (Doc. 7)**

Defendant sought removal pursuant to 28 U.S.C. § 1442(a)(1) and, alternatively, (3). (Doc. 2). Section 1442(a)(1) allows removal for suits against an officer of the United States; Section 1442(a)(3) provides the same for officers of the <u>courts</u> of the United States. In accordance with Fed. R. Evid. 201, we take judicial notice of an Order signed on December 2, 2010 in <u>In Re: Jon C Thornburg</u>, Docket No. 10-mc-00036 in which we granted Defendant *limited* admission to the bar of this court and allowed

him to appear on his own behalf as Chapter 13 Trustee in Chapter 13 bankruptcy cases assigned to him but only in the Alexandria Division of the United States Bankruptcy Court for the Western District of Louisiana. (Doc. 4 in Docket No. 10-mc-00036). This Order, we think, well clarifies Defendant's status as an officer of the court of the United States under Section 1442(a)(3).

We agree with the Magistrate Judge's recitation of United States Supreme Court jurisprudence that removal under Section 1442(a)(3) requires the "averment of a federal defense." Mesa v. California, 489 U.S. 121, 134 (1989). We note "that the defendant[] need not prove the asserted defense, but need only articulate its 'colorable' applicability to the plaintiff's claims." Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 400 (5th Cir. 1998). In her state court Petition for Damages (Doc. 1-2), Plaintiff asserted her discrimination "came to a crisis shortly after the 'peer review' on October 26, 2010. (Doc. 1-2, ¶ 9). The Petition alleges an integral part of this "peer review" was information obtained from Judge Henley Hunter of the United States Bankruptcy Court for the Western District of Louisiana, Alexandria Division. According to Plaintiff's Petition, Defendant used the "peer review" as the reason for his alleged discriminatory actions leading to Plaintiff's termination. (Doc. 1-2, ¶¶ 16, 18, 19, 20, 23, & 28). In discharging Plaintiff, Thornburg asserted that any alleged employment discrimination toward Plaintiff was based on the "peer review" which included the involvement of the presiding bankruptcy judge. We find this constitutes an averment of a colorable federal defense sufficient to

2

satisfy the requirement for removal under Section 1442(a)(3). Accordingly, Plaintiff's Motion for Remand (Doc. 7) will be **DENIED**.

II. <u>**Motion for Summary Judgment**</u>

We turn to the Motion for Summary Judgment (Doc. 5) by Defendant Thornburg.[1] Mr. Thornburg argues there is no genuine dispute of material fact and he entitled to judgment as a matter of law because he does not qualify as an "employer" under the Louisiana statute asserted by Plaintiff for recovery.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

Plaintiff's only claim for relief falls under Louisiana law and is limited to the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.* In his motion, Thornburg argues he cannot be liable under this law because he is not an "employer" according to the applicable definition:

---

[1] This motion was filed before the Motion to Remand, and the parties fully briefed the summary judgment issues (See Docs. 15 & 20) while the Court considered the Motion to Remand.

3

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

La. R.S. 23:302(2). In support, Defendant attached his payroll records for December 26, 2009 to December 24, 2010 which shows he did not pay twenty or more employees during this time period. (Doc. 5-5). Also attached is Defendant's declaration in which he states "[a]t no point in time in 2010, 2011 or 2012 did my office employ twenty (20) or more employees for twenty (20) or more calendar weeks." (Doc. 5-4, ¶ 4). Plaintiff has made no assertion and shown no scintilla of proof that she was received compensation from anyone other than Defendant for her services.

The definition of an employer under the LEDL is clear and unambiguous. La. C.C. art. 9. Further, "the legislature assigned a specific definition for 'employer' for purposes of the discrimination statute," and included in the "critical language" of that definition is "giving compensation of any kind." Dejoie v. Medley, 9 So.3d 826, 829 (La. 2009) (reinstating the trial court's granting of summary judgment in favor of the State because the State did not provide compensation to the plaintiff). Regardless of Defendant's membership in any organization or association, the record shows Defendant received services, specifically, assistance with office management, from Plaintiff and, in return, Defendant paid Plaintiff. Accordingly, Defendant was Plaintiff's employer at the time of the alleged discriminatory conduct, but Defendant

4

did not have the requisite number of employees to meet the definition of an "employer" who can be held liable under the LEDL. Accordingly, we find no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law; therefore, the Motion for Summary Judgment (Doc. 5) will be **GRANTED**.

III.   Conclusion

For the foregoing reasons, the Report and Recommendations by the Magistrate Judge (Doc. 26) will be adopted only insofar as it sets forth the factual background of the case; the legal recommendation will **NOT BE ADOPTED**. Plaintiff's Motion to Remand (Doc. 7) will be **DENIED**. Defendant's Motion for Summary Judgment (Doc. 5) will be **GRANTED** and Plaintiff's claims under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, will be **DENIED and DISMISSED with PREJUDICE**.

SIGNED on this 29th day of January, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT